Works. L. H. Freedman, for appellant. C. W. Pierson, for respondent. No opinion. Order affirmed, with costs. Order filed.

SMITH, Respondent, v. DAVEGA, Appellant. (Supreme Court, Appellate Division, First Department. May 11, 1906.) Action by George F. Smith against Isaac Davega, Jr. D. Tim, for appellant. J. C. Weschler, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

SOOP, Appellant, v. BURHANS, Respondent. (Supreme Court, Appellate Division, Third Department. March 7, 1906.) In the Matter of the petition of Henry C. Soop, as agent and attorney of the estate of Thomas Cornell, against Webster H. Burhans.
PER CURIAM. Order affirmed with costs.
CHESTER and KELLOGG, JJ., dissent.

SPRING, Respondent, v. RYAN, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 2, 1906.) Action by T. Davis Spring against Frank M. Ryan. No opinion. Motion to dismiss appeal denied, without costs.

STEINFELD et al., Appellants, v. LINCOLN et al., Respondents. (Supreme Court, Appellate Division, First Department. May 11, 1906.) Action by Samuel Steinfeld and another against George D. Lincoln and others. L. J. Vorhaus, for appellants. E. G. Moody, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

STONE, Respondent, v. ROCHESTER HERALD CO., Appellant. (Supreme Court, Appellate Division, First Department. March 9, 1906.) Action by Junius H. Stone against the Rochester Herald Company. J. S. Havens, for appellant. C. E. Thornall, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

STURMDORF v. SAUNDERS. (Supreme Court, Appellate Division, Second Department. April 20, 1906.) Action by William Sturmdorf against Franklin E. Saunders and others. No opinion. Motion granted.

SWING, Appellant, v. MOHAWK VALLEY LUMBER CO., Respondent. (Supreme Court, Appellate Division, Third Department. May 2, 1906.) Action by James B. Swing, as trustee for the creditors, etc., of the Union Mutual Fire Insurance Company of Cincinnati, Ohio (dissolved), against the Mohawk Valley Lumber Company. No opinion. Judgment modified, by striking therefrom the words "on the merits," and, as thus modified, judgment and order unanimously affirmed, with costs.

S Y K E S, Respondent, v. J. W A L T E R THOMPSON CO., Appellant. (Supreme Court, Appellate Division, First Department. May 11, 1906.) Action by Thomas F. Sykes against the J. Walter Thompson Company. D. Edwards, for appellant. W. D. Reed, for respondent. No

opinion. Order affirmed, with $10 costs and disbursements. Order filed.

TAYLOR, Respondent, v. BROWN et al., Appellants (two cases). (Supreme Court, Appellate Division, First Department. May 11, 1906.) Action by James E. Taylor against W. David Brown and others. J. Delahunty, for appellants. C. Goldzier, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order fi,led.

THOMAS v. GEORGE G. FUESSELA SONS. (Supreme Court, Appellate Division, First Department. April 25, 1906.) Action by May E. Thomas against George G. Fuessela Sons. No opinion. Motion denied, on payment of $10 costs. Leave given to apply to the court below to open default. Order filed.

TOCCI v. GIANVECCHIO. (Supreme Court, Appellate Division, First Department. April 25, 1906.) Action by Felice Tocci against Gaetano Gianvecchio. No opinion. Application denied, with $10 costs. Order signed.

TOWN OF NORTH HEMPSTEAD, Appellant, v. ELDRIDGE, Respondent. (Supreme Court, Appellate Division, Second Department. March 22, 1906.) Action by the town of North Hempstead against Louise U. Eldridge. No opinion. Order resettled by inserting a recital that the appeal was argued before five justices of this court, and the decision concurred in by four; the remaining justice having, prior to the decision, been appointed a member of the Court of Appeals. See 98 N. Y. Supp. 157.

TRALL, Respondent, v. SCOTT et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. May 2, 1906.) Action by Weld G. Trall against James Scott and another. No opinion. Motion denied, with $10 costs.

TREFFINGER v. M. GROH'S SONS. (Supreme Court, Appellate Division, First Department. April 25, 1906.) Action by Gottlieb Treffinger against M. Groh's Sons. No opinion. Motion granted. Order filed.

TROTT, Appellant, v. SCHMITT, Respondent. (Supreme Court, Appellate Division, Second Department. April 27, 1906.) Action by Verene Trott, as executrix of the estate of William Trott, deceased, against Valentin Schmitt. No opinion. Judgment reversed on argument, and new trial granted, costs to abide the event, on the ground that the complaint sufficiently states a cause of action for money loaned.

In re VENABLES. (Supreme Court, Appellate Division, First Department. April 25, 1906.) In the matter of George W. Venables. No opinion. Motion denied, with $10 costs. Order filed.

VON DER HEIDE, Respondent, v. SCHUTTE et al., Appellants. (Supreme Court, Appellate Division, Second Department. April 20, 1906.) Action by Margaret M. Von Der Heide

against Lena Schutte and others. No opinion. Orders affirmed, with $10 costs and disbursements.

---

WARD, Respondent, v. HAWKINS IRON CONST. CO., Appellant. (Supreme Court, Appellate Division, First Department. April 6, 1906.) Action by Patrick J. Ward against the Hawkins Iron Construction Company. A. E. Smith, for appellant. J. N. Tuttle, for respondent. No opinion. Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, unless plaintiff stipulates to reduce judgment as entered, including costs, etc., to $648.54, in which event judgment, as modified, and order, affirmed, without costs. Settle order on notice.

WATERS, Appellant, v. HORACE WATERS & CO. et al., Respondents. (Supreme Court, Appellate Division, First Department. April 6, 1906.) Action by Fanny L. Waters against the Horace Waters & Co. and others. E. W. Hatch, for appellant. N. B. Sanborn, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

WEBER v. MERENESS et al. (Supreme Court, Appellate Division, Fourth Department. March 14, 1906.) Action by Henry F. Weber against Charles S. Mereness, Jr., as trustee, etc., and others. No opinion. Order affirmed, with $10 costs and disbursements.

WEBER, Appellant, v. WALLERSTEIN et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. May 2, 1906.) Action by Henry Weber against Edward Wallerstein and others. No opinion. Motion for leave to appeal to the Court of Appeals denied, with $10 costs.

---

In re WEBSTER. (Supreme Court, Appellate Division, Fourth Department. May 2, 1906.) In the matter of the application of John B. Webster for the resubmission of local option questions to the electors of the town of Hanover. No opinion. Order affirmed, with $10 costs and disbursements.

---

WEEKS v. COE. (Supreme Court, Appellate Division, Second Department. April 20, 1906.) In the matter of judgment moneys recovered in action of Count W. Weeks against E. Holloway Coe, as executor, etc. No opinion. Motion for leave to appeal to the Court of Appeals denied.

---

WEINSTEIN, Appellant, v. SHAPIRO et al., Respondents. (Supreme Court, Appellate Division, Second Department. April 20, 1906.) Action by Joseph Weinstein against Sam Shapiro and Abe Goodman. No opinion. Judgment of the Municipal Court affirmed, with costs.

---

WEIZINGER, Appellant, v. ERIE R. CO., Respondent. (Supreme Court, Appellate Division, First Department. April 6, 1906.) Action by Paul Weizinger against the Erie Railroad Company. I. L. Bamberger, for appel-

lant. W. T. Denison, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

---

WELLS, Appellant, v. METROPOLITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, Second Department. April 20, 1906.) Action by Henry E. Wells against the Metropolitan Street Railway Company. No opinion. Motion for reargument denied. See 97 N. Y. Supp. 1150.

---

WELLS, Appellant, v. METROPOLITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, Second Department. April 20, 1906.) Action by Sarah Ann Wells against the Metropolitan Street Railway Company. No opinion. Motion for reargument denied.

---

WHALEN et al. v. FONDA, J. & G. R. CO. (Supreme Court, Appellate Division, Third Department. May 2, 1906.) Appeal from Trial Term. Action by John W. Whalen and others against the Fonda, Johnstown & Gloversville Railroad Company. From a judgment and orders in favor of the defendant, plaintiffs appeal. Affirmed.

PER CURIAM. Judgment and orders affirmed, without costs on the appeal of either party.

SMITH, J. (dissenting). The jury has found both plaintiff and defendant negligent. Their conclusion warrants the judgment entered, provided they were guided to that conclusion by proper rules of law stated by the trial judge in his charge. In stating what duty was required of the plaintiff the trial judge said: "If they had the duty to look when they entered on the track, did they not have a duty to continue to look? I so charge you; that their duty was not fully performed by looking to see a car when they entered upon the track, but they should continue the observation so long as they were on the track." Further: "I charge you as a matter of law that this car, run in the manner that they knew it was, had the preference, and they should have been ready to have made the track clear when the car came, and whether they should do it by having a man look is not for us to speculate." In Atlantic Coast Electric Railroad Company v. Wilson, 62 N. J. Law, 773, 42 Atl. 1041, the Court of Errors and Appeals of New Jersey has stated the rule that, as between an electric trolley car and a traveler upon the highway who is crossing, "neither party at such a crossing has a paramount right of way." In Solomon v. Buffalo Railway Company, 96 App. Div. 487, 89 N. Y. Supp. 99, the rule is recognized that at street intersections a trolley company has no paramount right over a traveler who is crossing the street, and it is further held: "A refusal to charge in such a case that the rights of the street car and of the vehicle at the point in question were equal is not cured by a charge that it was incumbent upon the street railway company 'to use all reasonable care and caution to avoid injury to the plaintiff (an occupant of the vehicle) or to any one else.'" A part of the charge quoted would seem to state the duty of the plaintiff to have been to keep off from the